GRIFFIN, Circuit Judge,
concurring in part and dissenting in part.
I agree with the majority opinion that both the officers and Wayne County violated the Bible Believers’ First Amendment rights. However, I would hold that Deputy Chiefs Richardson and Jaafar are entitled. to qualified immunity because the right at issue was not clearly established at the time of the 2012 Arab International Festival. For this reason, I join the majority opinion except for Part IV. and the final two paragraphs of Part I.C.4, from which I respectfully dissent.
The doctrine of qualified immunity “shields government officials from civil damages liability unless the official violated a statutory or constitutional right that was clearly established at the time of the challenged conduct.” Reichle v. Howards, — U.S. -, 132 S.Ct. 2088, 2093, 182 L.Ed.2d 985 (2012) (citation omitted). A right is clearly established when, “at the time of the challenged conduct, ‘[t]he con *265 tours of [a] right [are] sufficiently clear’ that every ‘reasonable official would have understood that what he is doing violates that right.’ ” Ashcroft v. al-Kidd, 563 U.S. 731, 131 S.Ct. 2074, 2083, 179 L.Ed.2d 1149 (2011) (emphasis added) (quoting Anderson v. Creighton, 483 U.S. 635, 640, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987)). Put another way, “existing precedent must have placed the statutory or constitutional question beyond debate.” Id.
As Judge Clay correctly notes, when 'defining the scope of the right at issue, courts must be cautious to define the right neither too narrowly nor too broadly. To that end, we must define the right at issue “not as a broad general proposition, but in a particularized sense so that the contours of the right are clear to a reasonable official.” Reichle, 132 S.Ct. at 2094 (internal citation and quotation marks omitted). Here, the right at issue is properly defined as the right to exercise one’s free speech rights in the face of a hostile crowd without the government effectuating a heckler’s veto by removing the speaker for his own safety.
At the time of the 2012 Arab International Festival, “existing precedent” had not placed this constitutional question “beyond debate.” Ashcroft, 131 S.Ct. at 2083. Although the Supreme Court’s decisions in Cantwell v. Connecticut, 310 U.S. 296, 60 S.Ct. 900, 84 L.Ed. 1213 (1940), and Ter-miniello v. City of Chicago, 337 U.S. 1, 69 S.Ct. 894, 93 L.Ed. 1131 (1949), had established the general proposition that police officers may not effectuate a heckler’s veto, those precedents left unanswered whether the police effectuate a heckler’s veto when they remove a speaker for his own safety rather than because of the content of the speech or its supposed effect on the crowd. Indeed, whether removing a speaker for his own safety amounts to a heckler’s veto is the very question we resolve in this case. And, though we answer that question in the affirmative, we had not done so at the time of the 2012 Arab International Festival.
Contrary to the position of the majority opinion, precedent in fact confirms that at the time of the 2012 Arab International Festival, the right at issue was debatable. In Glasson v. City of Louisville, 518 F.2d 899 (6th Cir.1975) — decided well after Cantwell and Temniniello- — -this court opined that when police fear a violent crowd may inflict physical injury, “they may discharge their duty of preserving the peace by intercepting his message or by removing the speaker for his own protection without having to respond in damages.” Id. at 909. Though we now correctly reject this part of Glasson as dicta and overrule this principle of law, we do so for the first time. Indeed, Wayne County’s pre-festival letter to the Bible Believers — which forms a basis for my conclusion that Wayne County is liable— explicitly relies on this passage from Glas-son. The letter itself is evidence that the law in this area was not as clear as the majority opinion suggests as it relies on Glasson for the proposition that officers may constitutionally remove speakers for their own protection, and states that “[t]he law as announced in Glasson is among the laws [that Wayne County] is duty-bound to uphold.”
Nor does Glasson otherwise clearly establish the right at issue in this case. There, this court held that the police violated the plaintiffs First Amendment rights when they destroyed the plaintiffs anti-Nixon poster that had agitated a crowd of Nixon supporters. Glasson, 518 F.2d at 902, 906. But, unlike this case, the crowd in Glasson was not actually violent towards the speaker; they were merely “hollering” and “cheered” when the officers destroyed the poster. Id. at 902. *266 Thus, Glasson did little more than reinforce the basic principle that the police may not effectuate a heckler’s veto. Glas-son’s holding alone does not answer the question presented by this case: whether the police effectuate a heckler’s veto by removing a speaker for his own safety. In fact, Glasson suggests that they do not.
Moreover, although numerous Supreme Court decisions opine generally regarding the constitutional infirmity of a heckler’s veto, none answer the specific question posed by this case. See, e.g., Reno v. Am. Civil Liberties Union, 521 U.S. 844, 880, 117 S.Ct. 2329, 138 L.Ed.2d 874 (1997) (opining about the heckler’s veto in the context of online fora); Pleasant Grove City, Utah v. Summum, 555 U.S. 460, 468, 129 S.Ct. 1125, 172 L.Ed.2d 853 (2009) (citing Johanns v. Livestock Mktg. Ass’n, 544 U.S. 550, 574, 125 S.Ct. 2055, 161 L.Ed.2d 896 (2005) (Souter, J., dissenting)) (restrictions on government speech amount to a heckler’s veto).
In sum, § 1983 does not require that defendant officers anticipate what we decide in this case: that police effectuate a heckler’s veto when they remove a speaker from a hostile crowd for the speaker’s own safety. At the time of the 2012 Arab International Festival, reasonable minds could have differed whether the officers’ treatment of the Bible Believers violated clearly established federal law. For these reasons, I respectfully dissent from Part IV and the final two paragraphs of Part I.C.4 of the majority opinion.